UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID SERNA                                    CIVIL ACTION

VERSUS                                         NUMBER: 06-1301

LT. RONNIE SEAL, <u>ET</u> <u>AL</u>.                    SECTION: "T"(5)

**<u>REPORT AND RECOMMENDATION</u>**

This 42 U.S.C. §1983 proceeding was filed <u>in</u> <u>forma</u> <u>pauperis</u> by <u>pro</u> <u>se</u> plaintiff, David Serna, against defendants, the Washington Correctional Institute ("WCI") and Warden Jim Rogers, Lieutenant Ronnie Seal, Lieutenant Hunt, and Sergeant McMurray, all employees of WCI. (Rec. doc. 1).  In his complaint, plaintiff alleged that he was subjected to excessive force at the hands of the named defendants on several occasions. (<u>Id</u>.).  Plaintiff was housed at WCI at the time that suit was filed.

On June 21, 2006, after several pieces of mail sent to plaintiff had been returned as undeliverable, he advised the Court that he had been transferred to a correctional facility in San Antonio, Texas pursuant to a detainer issued by that State. (Rec. docs. 16, 17, 18, 21).  The Court subsequently requested more specific identifying information from plaintiff regarding certain

of the named defendants so that service could be effected upon them.  (Rec. doc. 26).  In the meantime, plaintiff's §1983 claim against Warden Rogers had been dismissed as a result of motion practice.  (Rec. docs. 13, 24, 25).  Ultimately, a preliminary conference via telephone was scheduled for September 5, 2007 at 4:00 p.m.  (Rec. doc. 35). Notice of that conference was mailed to plaintiff at his address of record on August 7, 2007 but was returned to the Court as undeliverable on August 21, 2007.  (Rec. doc. 36). It has now been over thirty days since that piece of undeliverable mail was returned to the Court.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change."  Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."  The foregoing rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the

2

parties or their counsel will be conducted principally by mail." <u>Perkins v. King</u>, 759 F.2d 19 (5th Cir. 1985)(table).

As noted above, plaintiff has failed to keep the Court apprised of his current mailing address as required by Local Rule 11.1E.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the third page of which states "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 3).  The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding <u>pro se</u> in this matter, these failures are attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

3

provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this <u>28th</u> day of <u>September</u>, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

4